IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICHOLAS RUSSELL, MICHAEL
MCKIBBEN, and SHAWN TONEY

        Plaintiffs,

   v.

RAY KLEIN, INC. and
CHRISTOPHER BEVANS

        Defendants.

No. 1:19-cv-00001-MC

OPINION AND ORDER

**MCSHANE, Judge**:

     Defendants Ray Klein, Inc. ("Klein") and Christopher Bevans move to dismiss the Third Amended Complaint ("TAC"). The Court granted Plaintiffs leave to file the TAC because the motion was unopposed at the time of filing. The TAC served two main purposes: (1) defined two putative classes of the class action, and (2) named two new class members as representative plaintiffs. Defendants now move to dismiss the TAC. For the following reasons, Defendants' motion to dismiss the TAC, ECF No. 52, is GRANTED as to claims brought against Defendant Bevans and DENIED as to all other arguments.

## **LEGAL STANDARD**

     To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow a court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere

1 – OPINION AND ORDER

possibility of misconduct." *Id.* at 678. When considering a motion to dismiss, a court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-moving party, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If a complaint is dismissed, the court must grant the plaintiff leave to amend unless it "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

A court can rule on a motion to dismiss prior to a motion for class certification to determine whether a plaintiff can adequately represent a class. *Faison v. RTFX, Inc.*, 2014 IL (1st) 121893, ¶ 64. The standard is only whether a plaintiff can maintain an individual claim against the defendant and states a valid cause of action. See *id*.

## **DISCUSSION**

Defendant Klein included issuance fees as part of wage garnishments. TAC ¶ 33, ECF No. 44 ("TAC"). Plaintiffs contend that because the fees were issued by in-house counsel, the issuance fees were unlawfully collected in violation of the Oregon Uniform Trade Practices Act ("UTPA"), the Federal Fair Debt Collection Practices Act ("FDCPA"), and the Oregon Unlawful Debt Collection Practices Act ("OUDCPA"), and unjustly enriched the defendants. TAC ¶¶ 53–62. Plaintiffs have now amended their complaint and are bringing a class action with two subclasses, Class A bringing claims under the UTPA, FDCPA, OUDCPA, and unjust enrichment, and Class B bringing claims under the UTPA and unjust enrichment. TAC ¶¶ 53–62. Class A is defined as: all individual consumers with Oregon addresses whose wages or accounts or property were garnished by either Defendant from whom PCS collected a purported garnishment issuance fee that was not actually paid to an attorney for issuing the garnishment between January 1, 2018 and

September 30, 2019. TAC ¶ 44. Class B is the same definition except the relevant period is from January 1, 2009, to September 20, 2019. TAC ¶ 45.

Defendants move to dismiss both claims brought by Class B and the claims brought by Plaintiffs Toney and McKibben individually against Defendant Christopher Bevans. At this point in the litigation, Class B can maintain the UTPA claim against Defendant Klein. Because Class B survives the motion to dismiss with at least one actionable claim, this Court will not address the unjust enrichment claim at this stage. That said, this Court will dismiss the claims by Plaintiffs Toney and McKibben against Defendant Bevans.

## I.  Claims Against Defendant Klein

There is a factual question at this point in the proceedings that prevents the Court from dismissing Plaintiff Toney's UTPA claim. Defendants argue that Plaintiff Toney's UTPA claim is subject to the one-year statute of limitations that started tolling when Plaintiff received the garnishment in March 2016. Defs.' Mot. to Dismiss 5, ECF No. 52. At that time, Plaintiff Toney had all the relevant facts at his disposal. But the UTPA includes a discovery rule that a claim can be brought if it is within a year of the "discovery of the unlawful method, act or practice." Or. Rev. Stat. § 646.638(6). Here, the original filing was in January 2019. There is a question whether Plaintiff, on his own, could have discovered that the issuance fee was an unlawful collection method. Because Plaintiff Toney has sufficiently alleged that he could not reasonably discover that the issuance fee was unlawful until he was contacted by counsel, at which point he brought the claim within the one-year requirement, the claim is not subject to dismissal.

The garnishment includes a line-by-line calculation for the total that includes a separate line with the issuance fee. Defs.' Mot. to Dismiss 4. It also includes a Notice of Exempt Property with instructions to the garnishee about exceptions to the garnishment and how to challenge the

claim. Defs.' Mot. to Dismiss 4. This is not enough to dismiss the Class B's claim outright. Defendants' contention that a warning line in the garnishment stating that the garnishee "MUST ACT PROMPTLY IF YOU WANT TO GET YOUR MONEY OR PROPERTY BACK" is insufficient for the Court to find that a reasonable person would have been on notice about the unlawful conduct. Additionally, the instructions to challenge list only three options for the garnishee: (1) to claim such exemptions from garnishment as permitted by law, (2) to assert that property is not garnishable property under ORS 18.618, or (3) to assert that the amount specified in the writ of garnishment as being subject to garnishment is greater than the amount owed. Defs.' Mot. to Dismiss Ex. A, at 4, ECF No. 52. Nowhere in those options is there such an obvious reference to potential unlawful conduct that it would clearly occur to a reasonable person to question one particular line item contributing to the total.

That Plaintiff Toney had all the facts when he received his garnishment package in 2016 is not dispositive to the discovery rule. Defendants argue that Plaintiff Toney's failure to recognize the legal significance of the facts he had access to does not stop the statute of limitations from running. Defs.' Mot. to Dismiss 7; *Doe 1 v. Lake Oswego Sch. Dist.*, 353 Or. 321, 335 (2013). But the discovery rule is an objective standard of what a reasonable person would do in a similar situation. *Doe*, 353 Or. at 332–33 (quoting *Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or. 270, 278 (2011) (internal citations omitted)). It also states that even mere suspicion cannot trigger the statute of limitations. *Id.* It only starts running once "a reasonable person aware of a substantial possibility that each of the elements of a claim exists." *Id.* Here, there is at least a factual dispute of whether the labeled issuance fee and warnings on the garnishment notice were sufficient for Plaintiff Toney to reasonably discover "the unlawful method, act or practice." Or. Rev. Stat. § 646.638(6).

Defendants also argue under the general tort discovery rule analysis that Plaintiff "should have known" or had sufficient knowledge to excite his attention triggering a duty to conduct a reasonably diligent inquiry by Plaintiff Toney into the lawfulness of the issuance fee. Defs.' Reply to Mot. to Dismiss 5, ECF No. 61. Even if this rule applied, the analysis fails for similar reasons. Here, the unlawful method that "should have" excited Plaintiff Toney's attention was one charge on a list of charges totaling the otherwise legitimate garnishment. The warnings within the garnishment are general and aimed specifically at protecting potentially exempt property. The warnings would not suggest that a garnishee could have challenged any of the individual fees. Again, there is at least a factual question whether the receipt of a garnishment would trigger a reasonable person's attention enough to engage in a diligent inquiry. Thus, because Plaintiff has alleged sufficient facts that the statute of limitations was tolled until less than a year before the original filing, the UTPA claim of Class B survives and Class B can be maintained at this stage of the proceedings.

## II.     Claims Against Defendant Bevans

Neither Plaintiff Toney, nor Plaintiff McKibben as part of Class A, has enough evidence to meet the standard of an actionable claim against Defendant Bevans. Plaintiffs maintain that because Defendant Bevans was employed by PCS in the relevant period, "common sense" dictates he will be jointly and severally liable by at least one member of the class, even though Plaintiffs McKibben and Toney were not issued garnishments by Defendant Bevans. Pls.' Resp. in Opp'n to Mot. to Dismiss 14, ECF No. 54. Prior to class certification, the court can still rule on a motion to dismiss to determine whether a plaintiff has stated an actionable claim. *Faison*, 2014 IL (1st) 121893, ¶ 64 (quoting *Van Harken v. City of Chi.*, 305 Ill. App. 3d 972, 976 n. 4). Part of that analysis is whether "a purported representative plaintiff for a class action" can maintain an

"individual claim against the defendant." *Griffith v. Wilmette Harbor Ass'n, Inc.*, 378 Ill. App. 3d 173, 184 (2007) (citing *Landesman v. General Motors Corp.*, 72 Ill. 2d 44, 49 (1978)). Since Plaintiffs Toney and McKibben concede that Defendant Bevans never issued garnishments against them, it follows then that they cannot maintain an individual claim against Defendant Bevans. *Id.*; Pls.' Resp. in Opp'n to Mot. to Dismiss 14.

Because neither Plaintiff Toney nor McKibben can maintain an individual claim against Defendant Bevans, their claims must be dismissed.

## CONCLUSION

For these reasons, Defendants' motion to dismiss, ECF No. 52, is partially DENIED as to Class B's claims against Defendant Klein and only GRANTED as to Plaintiff Toney and McKibben's claims against Defendant Bevans.

IT IS SO ORDERED.

DATED this 10th day of May 2021.

                                                          s/Michael J. McShane
                                                          Michael J. McShane
                                                          United States District Judge