UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **NICHOLAS RUSSELL** and **MICHAEL MCKIBBEN**<br><br>Plaintiffs<br><br>vs<br><br>**RAY KLEIN, INC.**<br><br>Defendant | Case No. 1:19-cv-00001-MC<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL AND FINAL JUDGMENT** |

THIS MATTER came before the Court on the Representative Plaintiffs' Motion for Final Approval of the proposed class settlement (Settlement) as memorialized in the Parties' Class Action Settlement Agreement (Agreement). The Court has considered all papers filed and

**ORDER GRANTING MOTION FOR FINAL APPROVAL AND FINAL JUDGMENT**– Page 1 of 10

proceedings in this matter and is fully informed regarding the facts surrounding the Settlement. Based upon this information, the Court has determined to approve the Settlement and Agreement as fair, reasonable and adequate and to certify the Class for settlement purposes under Fed. R. Civ. P. 23. The Court hereby enters this Order and Final Judgment, which constitutes a final adjudication on the merits of all claims of the Settlement Class (Class).

On September 21, 2022, this Court granted preliminary approval of the Settlement between Representative Plaintiffs and Defendant Ray Klein Inc. (Defendant or Ray Klein). The Settlement resolves all of the Class's claims against Ray Klein, and the "Released Entities" as set forth in the Agreement, in exchange for Ray Klein's agreement to pay certain amounts to eligible Class Members, Representative Plaintiffs, and Class Counsel as set forth in the Agreement.

On September 21, 2022 this Court held a fairness hearing to consider whether to grant final approval of the Settlement, to confirm the certification of the Class for settlement purposes only, and to consider Class Counsel's application for an award of attorneys' fees and expenses (Class Counsel's Fee and Expenses Application).

Having read, reviewed and considered the papers filed in support of and in opposition to (if any) final approval of the Settlement, including supporting declarations; oral arguments of counsel; Class Counsel's Fee

**ORDER GRANTING MOTION FOR FINAL APPROVAL AND FINAL JUDGMENT**– Page 2 of 10

and Expenses Application; the Agreement; and the pleadings, it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

2. The Court appoints Plaintiffs Nicholas Russel and Michael McKibben as the Class Representatives.

3. The Court appoints Michael Fuller of OlsenDaines, P.C., Kelly D. Jones of The Law Office of Kelly D. Jones, and Matthew Sutton of the Law Office of Matthew Sutton as Class Counsel.

4. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiffs and all Class Members.

5. The following Class, as defined in ¶ 30 of the Agreement, is hereby certified for the purpose of this Settlement : (a) All individual consumers with Oregon addresses, (b) whose wages or accounts or property were garnished by Ray Klein (c) between January 1, 2018 through and including September 30, 2019, (d) with respect to a debt incurred primarily for personal, family, or household purposes, (e) from whom Ray Klein collected a purported garnishment issuance fee.

6. In exercising its discretion to certify the Class, for settlement purposes only, the Court specifically finds that:

**ORDER GRANTING MOTION FOR FINAL APPROVAL AND FINAL JUDGMENT**– Page 3 of 10

(a)     The Class satisfies Fed. R. Civ. P. 23(a)(1) because the Class appears to be so numerous that joinder of all members is impracticable;

(b)     The Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Class;

(c)     The Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the Representative Plaintiffs appear to be typical of the claims being resolved through the proposed Settlement;

(d)     The Class satisfies Fed. R. Civ. P. 23(a)(4) because the Representative Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Class in connection with the Settlement and because Class Counsel are qualified, competent and capable of prosecuting this action on behalf of the Class;

(e)     The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because common questions of law and fact appear to predominate over questions affecting only individual Class Members and because this Class Settlement appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class. The Class also appears to be sufficiently cohesive to warrant settlement by representation.

7.     The Court approves the Settlement, as memorialized in the Agreement, and finds that the Settlement is, in all respects, fair,

**ORDER GRANTING MOTION FOR FINAL APPROVAL AND FINAL JUDGMENT**– Page 4 of 10

reasonable, and adequate to the Class; within the authority of the Parties; and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

8. The Court hereby grants final approval to the Settlement and Agreement finds that it is fair, reasonable, and adequate, and in the best interests of the Class as a whole. The Court has considered and hereby overrules any and all objections brought to the Court's attention, whether properly filed or not.

9. Any Class Members that have timely requested to be excluded from the Class and the Settlement are set forth in the attached Exhibit A. Accordingly, this Order shall not bind or affect Class Members listed on Exhibit A (if any).

10. All funds remaining in the Settlement Fund following payments of all amounts described in the Agreement (including, but not limited to, amounts remaining from uncashed or returned class member settlement checks) after ninety (90) days following the date of issuance of the Settlement Checks (and if necessary and administratively feasible, a second pro rata distribution of the remainder of the Settlement Fund) will constitute the Cy Pres Fund. The Settlement Administrator shall distribute the entire Cy Pres Fund as a cy pres award as follows: 50% to Oregon Consumer Justice and 50% to the Oregon Consumer League, non-profit organizations focused on

consumer protection issues. The Court finds that these two entities are appropriate recipients to receive the cy pres award pursuant to this Settlement. No amount of the Settlement Fund shall revert or be returned to Defendant or their insurer(s).

11. Neither the Final Judgment nor the Agreement is an admission or concession by Defendant of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Order and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendant or any other person in connection with any transaction, event or occurrence, and neither this Order nor the Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Order or Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of issue or claim preclusion barring the pursuit of claims released in the Agreement by Class Members.

12. The Settlement and entry of this Order and Final Judgment operates as a settlement in full and a release as to the claims of Representative Plaintiffs and each Class Member who has not timely

excluded themselves, as defined by and consistent with the terms of the Agreement.

13. Ray Klein and the other Released Parties as defined in the Agreement have no further or other liability or obligation to the Representative Plaintiffs or any Class Member who has not timely excluded themselves, except as expressly provided for in the Agreement or in this Order.

14. The Settlement Administrator, Settlement Services, Inc. (SSI) has sufficiently completed the delivery of class Notice, including by mailing the Postcard Notice, to the Class Members according to the terms of the Agreement and the Court's prior order(s). The Notice given by SSI to the Class, which sets forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The Notice prescribed by the Agreement, and effectuated by SSI, was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Notice given to Class Members satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of constitutional due process. The Notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action; all material elements of the Settlement and the Agreement; Class Counsel's Fee and Expense Application; and their

opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the Final Approval Hearing. The Court has afforded a full opportunity to all Class Members to be heard. Accordingly, the Court determines that all Class Members, except those who timely and properly excluded themselves from the Class (if any), as identified in Exhibit A, are bound by this Order and Final Judgment.

15. Within ten (10) days after the filing of the Agreement in this Court, Defendant (or SSI on behalf of Defendant) served a notice of the Settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided by Defendant satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

16. Without affecting the finality of this Order and Final Judgment, the Court retains continuing jurisdiction over the Class Members and implementation of the Agreement, distribution of the Settlement Fund, and any other payments required by the Agreement, until each and every act agreed to be performed pursuant to the Agreement, or by this Court's orders, has been performed.

17. As part of the Settlement, the Court hereby awards attorneys' fees and expenses to compensate Class Counsel for their time incurred

and expenses advanced. The Court finds that: (a) Class Counsel achieved a favorable result for the Class by obtaining a settlement that makes significant funds available to Class Members; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, motion practice, and other litigation tasks; (c) Class Counsel prosecuted the claims of the Class on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class Members, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (e) Class Counsel has a standard contingent fee agreement with Representative Plaintiffs; and (f) the Notice sufficiently informed Class Members of the amount and nature of Class Counsel's fee and expenses request, and Class Counsel's Fee and Expense Application was filed and posted with sufficient time for Class Members to make a meaningful decision whether to object to the application. For these reasons, the Court hereby approves Class Counsel's Fee and Expense Application and awards to Class Counsel fees, expenses, and costs in the total aggregate amount of $500,000.00, representing twenty-five (25%) of the Settlement Fund. All such

amounts are in lieu of statutory fees that Representative Plaintiffs and/or the Class might otherwise have been entitled to recover.

18.  Defendant (or its insurer or SSI, on behalf of Defendant) shall hereby pay and distribute all funds or amounts as specified in the Agreement and in this Order, including payments to Class Members, Representative Plaintiffs, and Class Counsel.

19.  Accordingly, this matter is dismissed with prejudice, pursuant to the terms of the Agreement, notwithstanding this Court's retention of jurisdiction described in paragraph 16, above.  The clerk is directed to close the matter.

Dated: September 21, 2022

s/Michael J. McShane  
Michael McShane  
United States District Court Judge

**ORDER GRANTING MOTION FOR FINAL APPROVAL AND FINAL JUDGMENT**– Page 10 of 10